﻿Citation Nr: AXXXXXXXX
Decision Date: 06/30/20 Archive Date: 06/30/20

DOCKET NO. 190911-30348
DATE: June 30, 2020

REMANDED

Entitlement to a compensable evaluation for gastroesophageal reflux disease (GERD) is remanded.

Entitlement to service connection for a bilateral knee disability is remanded.

Entitlement to service connection for sleep apnea is remanded.

Entitlement to service connection for a lumbar spine disability is remanded.

REASONS FOR REMAND

The appellant is a Veteran who served on active duty from April 1972 to March 1981 and from November 1987 to April 1994. 

A rating decision was issued under the legacy system in March 2016, and the appellant submitted a timely notice of disagreement December 2016. In August 2019, the agency of original jurisdiction (AOJ) issued a SOC. The appellant opted the claims into the modernized review system, also known as the Appeals Modernization Act (AMA), by submitting a timely VA Form 10182, Decision Review Request: Board Appeal (NOD) identifying the August 2019 SOC; therefore, the August 2019, SOC is the decision on appeal. 

In the VA Form 10182, Decision Review Request: Board Appeal NOD, the Veteran elected the Direct Review option; therefore, the Board may only consider the evidence of record at the time of the AOJ decision on appeal. 38 C.F.R. § 20.301.

1. Entitlement to a compensable evaluation for gastroesophageal reflux disease (GERD)

The Veteran last underwent an examination in March 2016. 

In the notice of disagreement received in December 2016, the Veteran reported worsening of symptoms. He continued to report so throughout the period on appeal, prior to the August 2019 SOC. 

As he reported a worsening of symptoms, an examination is needed to determine the severity of his GERD. 

2. Entitlement to service connection for a bilateral knee disability

3. Entitlement to service connection for sleep apnea is denied.

4. Entitlement to service connection for lumbar spine disability

The Veteran filed a claim for service connection for a bilateral knee disability, sleep apnea, and a lumbar spine disability. 

STRs indicate the Veteran complained during service of sleep issues, back pain, and knee pain. 

He was afforded a back examination and respiratory examination. He was diagnosed with a back disability and with OSA. No opinion was rendered as to either disability. The Veteran was not afforded a knee examination. 

It appears the Veteran was scheduled for an updated OSA and back exam, however these examinations were cancelled. In January 2019, the Veteran requested his examinations be cancelled as he would be out of the country and he requested to be rescheduled. 

As such, a remand is in order, to correct a duty to assist error that occurred prior to the August 2019 SOC. 

The matters are REMANDED for the following action:

1. Schedule the Veteran for an appropriate VA examination to evaluate the severity of his GERD. The need for an in-person examination is left to the discretion of the examiner. 

2. Obtain an opinion on the issue of entitlement to service connection for a back disability. It is left to the examiner’s discretion whether to examine the Veteran. Following a review of the claims file, the examiner is asked to opine:

Is it at least as likely as not that any diagnosed back disability is related to his service?

The examiner is asked to provide a rationale for any opinions rendered.

3. Obtain an opinion on the issue of entitlement to service connection for OSA. It is left to the examiner’s discretion whether to examine the Veteran. 

Following a review of the claims file, the examiner is asked to opine:

Is it at least as likely as not that OSA is related to his service?

4. Obtain an opinion on the issue of entitlement to service connection for service connection for the bilateral knees. It is left to the examiner’s discretion whether to examine the Veteran. 

Following a review of the claims file, the examiner is asked to opine:

Is it at least as likely as not that any diagnosed knee disability is related to his service? 

The examiner is asked to provide a detailed rationale for any opinion rendered. 

 

 

H.M. WALKER

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board E. Skiouris, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.